UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *EX REL.* CYNTHIA I. FITZGERALD and STATE OF TEXAS *EX REL.* CYNTHIA I. FITZGERALD, <br><br>　　　　　　　　　　　Plaintiffs, <br><br>vs. <br><br>NOVATION, L.L.C.; VHA, INC.; BECTON DICKINSON AND COMPANY; and HERITAGE BAG COMPANY, <br><br>　　　　　　　　　　　Defendants. | § § § § § § § § § § § § § § § § § | Civil Action No. 3:03-CV-1589 <br><br> Judge David C. Godbey |

**BECTON DICKINSON AND COMPANY'S MEMORANDUM OF
LAW IN OPPOSITION TO PLAINTIFF/RELATOR'S MOTION FOR
<u>RECONSIDERATION AND CLARIFICATION</u>**

## PRELIMINARY STATEMENT

The Court dismissed Fitzgerald's claims under the Texas Medicaid Fraud Prevention Act because the State failed to timely intervene in the action. Actual intervention by the State -- not a notice of an anticipated intention to later make some decision -- was a necessary prerequisite for Fitzgerald's state law claims. The State's failure to intervene in a timely manner is incurable: there is no way that Fitzgerald can fix it now.

Unhappy with the Court's dismissal of the state law claims, Fitzgerald asks that the Court "clarify" that the Court's decision was without prejudice. She wants that clarification, so she says, in order to take that same state law claim into a Texas state court for a Texas state court to interpret. Fitzgerald's transparent attempts to circumvent this Court's decision should be denied for four reasons.

First, Fitzgerald's state law claims are fundamentally infirm and, as such, are properly dismissed with prejudice. As the Court pointed out in its September 17, 2008 Order, over the course of several years the Court granted the State many extensions to decide whether to intervene, but the State failed to do so. The State has had its chance to intervene and the State's time under the statute has run out. Because nothing can revive Fitzgerald's state claims, the claims should rightly be considered dismissed with prejudice.

Second, the 2007 Amendment to the Texas Medicaid Fraud Prevention Act does not, as Fitzgerald suggests, revive her Texas state law claims. That amendment permits a relator to proceed with an action without the State's participation *only* for conduct occurring on or after May 4, 2007. TEX. HUM. RES. CODE §§ 36.052, 36.104 (Vernon 2007). Because Fitzgerald has alleged no conduct that occurred on or after May 4, 2007, she cannot avail herself of the amended statute.

Third, Fitzgerald sought out this Court's determination of her state court claims when she filed in federal court. That the determination was not to her liking is not grounds for re-filing in state court. Nor did that determination implicate any complex and novel state law issues such that this Court need defer to a state court to decide.

Fourth, the state law claims Fitzgerald intends to file in state court will be futile as they are barred by *res judicata* and statute of limitations. This Court's decision should bar any attempt to relitigate the same claims in a different court. And the applicable statute of limitations under Texas law is four years; Fitzgerald has alleged absolutely no conduct by BD dating from 2004 to 2008.

We respectfully request that the Court clarify that its dismissal of Fitzgerald's state law claims is with prejudice. Doing so appears to be the only way to stop Fitzgerald from filing a futile and vexatious action in state court, an action that will only waste the state court's time and resources and burden the defendants with the additional costs of re-litigating claims this Court rightly dismissed.

## ARGUMENT

### I. Fitzgerald's State Law Claims Are Infirm And Are Rightly Dismissed With Prejudice

In order for Fitzgerald to bring a valid claim under the Texas Medicaid Fraud Prevention Act ("TMFPA"), the State would have had to intervene on or before May 11, 2007 -- the date that the State's last extension of time to intervene expired. *See* TEX. HUM. RES. CODE §§ 36.102(c), 36.104(b) (Vernon 2001); State of Texas' Notice of Non-Intervention dated May 15, 2007, at 1. The State failed to intervene before this deadline, and there is no way to cure that failure. It is well established that dismissal with prejudice is appropriate when any attempt to cure the defects in the claim would be futile. *See Jones* v. *Greninger*, 188 F.3d 322, 327 (5th

2

Cir. 1999); *Grant-Brooks* v. *WMC Mortgage Corp.*, 2003 WL 23119157, at **3, 8 (N.D. Tex. Dec. 9, 2003). Moreover, dismissal for the failure to state a claim "operates as an adjudication on the merits absent the court's specification to the contrary, and is therefore with prejudice." *Williams* v. *Dallas County Comm'rs*, 689 F.2d 1212, 1215 (5th Cir. 1982).

The Court's Order was clear that "Under Texas law, the state had two choices: to intervene in the action or to decline to intervene." (Order at 17.) A "statement of interest" or other notice by the State that it has not yet made a decision whether or not to intervene does not qualify as intervention. As the Court explained, the State's Notice of Non-Intervention dated May 15, 2007 "certainly did not indicate an intent to intervene" and the Court "construed it as notice that the state declined to intervene in this action." (*Id.*)[1] The State had its chance and failed to act. Nothing Fitzgerald does can turn back the clock to make any decision to intervene by the State timely. Because there is no way to cure the defect in the claim, it should be dismissed with prejudice. *See, e.g., Gen. Guar. Ins. Co.* v. *Parkerson*, 369 F.2d 821, 825 (5th Cir. 1966).

Dismissal with prejudice is precisely how the Eastern District of Texas recently treated a dismissal for failure to intervene under the TMFPA. *See United States ex rel. Foster* v. *Bristol-Myers Squibb Co.*, 2008 WL 4360697, **11, 24 (E.D. Tex. Sept. 24, 2008). In *Foster*, the relator brought federal and state false claims act claims, including claims under the Texas Medicaid Fraud Prevention Act, against Bristol Myers Squibb. *Id.* Bristol Meyers moved to dismiss the Texas state claims on the grounds that the claims were barred by the statute of limitations and because the State had failed to intervene within the 60 days required under the

---

[1] The State's Second Statement of Interest submitted last week adds nothing to the discussion. All that submission says is that the State has *still* not made a decision as to whether it would pursue the allegations in Fitzgerald's complaint. State of Texas' Second Statement of Interest, dated Oct. 17, 2008, at 1.

3

Texas law. *Id.* at *11. The court determined that once the required 60 days had passed, the State could no longer intervene and dismissed the Texas law claims with prejudice. *Id.* The result here should be no different.

## II. The 2007 Amendment To The Texas Medicaid Prevention Act Does Not Apply To Fitzgerald's Claims

Fitzgerald suggests that since the 2007 Amendment to the TMFPA removed the state intervention requirement, she can now pursue a new action in state court under that Amendment. However, the plain language of the 2007 Amendment precludes her from taking advantage of the new statute: "[t]his Act applies only to conduct that occurs on or after the effective date of this Act." TEX. HUM. RES. CODE § 36.052 (Vernon 2007). Because all of the conduct alleged in Fitzgerald's complaint took place way before the May 4, 2007 effective date of the 2007 Amendment, she cannot invoke this Amendment.

The 2007 Amendment is clear that conduct that occurred before May 4, 2007 "is governed by the law in effect at the time the conduct occurred" and "that law is continued in effect for that purpose." *Id. See also United States ex rel. Ramadoss* v. *Caremark Inc.*, 2008 WL 3978101, at *3 (W.D. Tex. Aug. 27, 2008) (rejecting relator's attempt to apply an earlier version of the TMFPA and holding that the "plain language of the statute is clear that the new . . . provision was not to be applied retroactively."). The Court has already decided which version of the TMFPA governs: "the law in effect when Relator was terminated in February 1999 applies to this action." (Order at 16 n.9.) Therefore, Fitzgerald is bound by the 1997 version of the TMFPA in effect at the time of the conduct she alleges -- and that law requires the intervention of the State.

4

### III. Fitzgerald's State Law Claims Were Properly Before This Court And This Court Need Not Decline Supplemental Jurisdiction Over Those Claims

Fitzgerald asks that the Court finds the dismissal without prejudice so she can re-file the state law claims in state court, and, so she hopes, argue to that court that the 60-day intervention period started anew with the re-filing of her complaint. Fitzgerald sought this Court's supplemental jurisdiction on her state law claims when she original filed this action in federal court. In so doing, Fitzgerald sought a determination on the merits of her state law claims. The Court has ruled, but because Fitzgerald doesn't like that ruling, she wants another chance in a different court. Fitzgerald now claims that interpreting the TMFPA, and determining whether filing a new complaint re-starts the State's intervention period, raises issues of state law that only a state court should decide. She is wrong on her interpretation of the TMFPA and wrong that this Court must defer to a Texas state court.

Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Fitzgerald's state law claims. Here, the values of judicial economy, convenience, fairness and comity weigh in favor of this Court continuing to exercise supplemental jurisdiction. Dismissing the state law claims without prejudice and providing Fitzgerald an avenue for relitigating the state claims in state court would result in unnecessary additional litigation that would do nothing more than sap the resources of the state court and defendants.

Moreover, Fitzgerald is wrong that re-filing her claims in state court will reset the 60-day clock for the State's intervention. That deadline has long passed and cannot be revived simply by re-filing the complaint in a new location. As the Court noted, the State must intervene within 60 days of receiving "the petition and the material evidence and information." Order at 16; *see also* § 36.102(c) (Vernon 2001). Here, the State received the petition under seal and the material evidence and information relevant to that petition many years ago. The State has had

5

years to review Fitzgerald's petition and the information material to it and to make its decision to intervene and, after all that time, still has not made the decision to intervene.

Reading the TMFPA to allow a relator to restart the 60-day period by re-filing a complaint renders the statute's 60-day intervention requirement meaningless. That 60-day period is one of three "important safeguards" the Texas legislature deliberately put into the TMFPA to prevent "frivolous or unsubstantiated lawsuits" and should be respected, not eviscerated. S.B. 30, 75th Reg. Sess., House Research Org. Bill Analysis, May 21, 1997, at 10. Nor is this 60-day period novel -- its federal counterpart, 31 U.S.C. § 3730(b)(2), imposes an almost identical rule on federal intervention in federal False Claims Act cases. The 60-day period plays an important role: it provides the government time to evaluate the claims and supporting evidence in order to make a decision on intervention, while balancing the need to move the action forward without unnecessary delay. *See* S. REP. NO. 99-345, at 5289-90 (1986).[2]

Federal courts may decline supplemental jurisdiction over a state law claim where the claim raises a novel or complex issue of state law. 28 U.S.C. § 1367(c)(1). That is not the case here. There is nothing novel or complex about the TMFPA's intervention requirement such that a state court is the only court equipped to make a decision. As explained above, the TMFPA's 60-day intervention provision is almost identical to the 60-day provision in the federal False Claims Act. 31 U.S.C. § 3730(b)(2). And the Texas federal courts can and do interpret and apply the TMFPA. *See Ramadoss*, 2008 WL 3978101, at *3; *Foster*, 2008 WL 4360697, at *11.

---

[2] Once that 60-day period has elapsed without intervention, the federal government can intervene only upon a showing of good cause. 31 U.S.C. § 3730(c)(3).

6

In *Foster*, the Eastern District of Texas interpreted and applied the same intervention requirement provision of the TMFPA that was applied in this case. *Foster*, 2008 WL 4360697, at *11. And in *Ramadoss*, the Western District of Texas District Court interpreted the 2005 Amendment to the TMFPA to determine whether that Amendment should be applied to conduct that occurred while a previous version of the Act was in effect. *Ramadoss*, 2008 WL 3978101, at *3. Neither court found that the TMFPA presented questions so novel or so complex as to suggest that the federal court decline supplemental jurisdiction.

## IV.  The State Law Claims Are Futile Because They Are Barred

Even if Fitzgerald is permitted to re-file her claims in state court, those claims will be barred by *res judicata* and the statute of limitations.

It is well established that the preclusive effect of a prior federal court judgment is determined by federal *res judicata* law. *San Antonio Indep. Sch. Dist.*, 936 S.W. 2d 279, 281 (Tex. 1996); *RecoverEdge L.P.* v. *Pentecost*, 44 F.3d 1284, 1290 (5th Cir. 1995). Federal law provides that *res judicata* shall bar a subsequent action when a prior action involving the same parties and the same cause of action reached final judgment on the merits in a court of competent jurisdiction. *See, e.g., Ellis* v. *Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000). Where, as here, a dismissal was based on a time limitation, the dismissal is a decision on the merits for *res judicata* purposes. *Nilsen* v. *City of Moss Point*, 701 F.2d 556, 562 (5th Cir. 1983) (en banc). There is no reason to put the parties through additional litigation on a claim that is so clearly barred.

Fitzgerald's TMFPA claims against BD are barred, and therefore futile, for yet another reason: they are time-barred. The TMFPA is governed by Texas's four-year residual limitations period. *See Foster*, 2008 WL 4360697, at *11 (finding that TMFPA has no express

7

limitations period and applying four-year residual limitations period in Tex. Civ. Prac. & Rem. Code § 16.051). If Fitzgerald filed a new claim in state court now, all allegations concerning conduct before 2004 would be barred. Her complaint alleges no conduct by BD after 1998 -- a full six years before the statute of limitations period.

## CONCLUSION

For the foregoing reasons, BD respectfully requests that the Court deny Fitzgerald's motion to reconsider the September 17, 2008 Order. Because the Court dismissed the state law claims for failure to state a claim and re-filing would be futile, the Court should confirm that its dismissal was with prejudice.

Dated:   October 23, 2008            Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

/s/ Jacqueline P. Rubin
Robert A. Atkins
Jacqueline P. Rubin
Hannah S. Sholl
1285 Avenue of the Americas
New York, New York 10019-6064
Phone: (212) 373-3000
Fax: (212) 757-3990
Email: ratkins@paulweiss.com

FULBRIGHT & JAWORSKI L.L.P.
Jonathan B. Skidmore
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Phone: (214) 855-8000
Fax: (214) 855-8200
Email: jskidmore@fulbright.com

*Attorneys for Defendant Becton Dickinson & Company, Inc.*

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of October, 2008, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means.

/s/ Jacqueline P. Rubin
Jacqueline P. Rubin
